1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALEXANDER BODDIE,                        No.  2:21-cv-2195 DB P

12                 Petitioner,

13         v.                                 ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   ROBERT BURTON,

15                 Respondent.

16

17         Petitioner is a state prisoner proceeding with a petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.[1]

19         Under Rule 4 of the Rules Governing § 2254 Cases, the court is required to conduct a

20   preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to

21   Rule 4, the court must summarily dismiss a petition if it "plainly appears from the petition and

22   any attached exhibits that the petitioner is not entitled to relief in the district court."

23         Petitioner alleges:  (1) the Board of Prison Terms violated his rights under state law and

24   the Due Process Clause when it denied parole; and (2) his conviction and sentence are unlawful.

25

26   [1] Petitioner twice complained to the court that he had requested the prison submit the filing fee
     but they had not done so.  In his second filing, petitioner sought release due to the prison's
27   deduction of the filing fee from his trust account and failure to submit it.  (ECF No. 7.)  On March
     7, 2022, this court received the filing fee.  Accordingly, this court will recommend petitioner's
28   motion for release be denied as moot.

                                              1

1   For the reasons set forth below, this court will recommend petitioner's first claim be dismissed

2   and that this case be transferred to the Central District of California for resolution of petitioner's

3   challenges to his conviction and sentence.

4   **I.  Challenge to Denial of Parole**

5         Petitioner contends that commissioners with the state Board of Parole violated California

6   Penal Code § 5011(b) and California Code of Regulations, tit. 15, § 2236, which prohibit relying

7   upon a prisoner's refusal to admit guilt as a factor demonstrating unsuitability for parole.

8   Petitioner further contends the violation of state law denied him due process.  Neither contention

9   may be raised in this § 2254 action.

10        First, federal "[h]abeas corpus relief is 'unavailable for alleged error in the interpretation

11  or application of state law.'"  Windham v. Merkle, 163 F.3d 1092, 1107 (9th Cir.1998) (quoting

12  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985)).  Petitioner's alleged violation of state

13  law is not cognizable in this federal habeas corpus action.  Numerous courts have applied this rule

14  to a prisoner's allegation that the Board of Parole violated §§ 5011(b) and 2236.  See Crawford v.

15  Swarthout, No. 2:13-cv-1394 DAD P, 2013 WL 3968161, at *1 (E.D. Cal. July 25, 2013), rep.

16  and reco. adopted, 2:13-cv-1394 TLN DAD P (Sept. 3, 2013) (on screening, court summarily

17  dismissed claims based on §§ 5011(b) and 2236); Jones v. California Bd. of Parole Hearings, No.

18  CV 12-7376-GW MLG, 2012 WL 5512380, at *2 (C.D. Cal. Sept. 5, 2012), rep. and reco.

19  adopted, 2012 WL 5519747 (C.D. Cal. Nov. 14, 2012); Jenson v. Cate, No. 10 CV 0992-H

20  WMC, 2011 WL 4852267, at *7 (S.D. Cal. June 30, 2011), rep. and reco. adopted, 2011 WL

21  4835706 (S.D. Cal. Oct. 11, 2011).

22        Petitioner's second contention – that the violations of state law amounted to a denial of

23  due process – also fails to state a claim under § 2254.  The federal Due Process Clause does not

24  require the correct application of California's "some evidence" requirement for the denial of

25  parole.  Federal habeas corpus relief is therefore not available even where a state court errs in

26  applying the state's "some evidence" standard.  Swarthout v. Cooke, 562 U.S. 216, 219-20

27  (2011); see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716

28  (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole

1   eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more

2   than a fair hearing and a statement of reasons for a parole board's decision [.]"); Roberts v.

3   Hartley, 640 F.3d 1042, 1045–46 (9th Cir. 2011) (Under the decision in Swarthout, California's

4   parole scheme creates no substantive due process rights and any procedural due process

5   requirement is met as long as the state provides an inmate seeking parole with an opportunity to

6   be heard and a statement of the reasons why parole was denied.); Pearson v. Muntz, 639 F.3d

7   1185, 1191 (9th Cir. 2011) ("While the Court did not define the minimum process required by the

8   Due Process Clause for denial parole under the California system, it made clear that the Clause's

9   requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and

10  to contest the evidence against them, were afforded access to their records in advance, and were

11  notified as to the reasons why parole was denied.'" (quoting Swarthout, 562 U.S. at 219 )).

12  Courts have recognized that alleged violations of §§ 5011(b) and 2236 do not state a due process

13  claim.  See Crawford, 2013 WL 3968161, at *1 & n.1; Claborn v. Swarthout, No. CIV-S–11–

14  2112 GGH P, 2011 WL 4355458, at *1 (E.D. Cal. Sept.16, 2011).

15  **II. Challenges to Conviction and Sentence**

16      Petitioner's challenged conviction and sentence were imposed by the Los Angeles County

17  Superior Court.  While both this court and the United States District Court in the district where

18  petitioner was convicted have jurisdiction, see Braden v. 30th Judicial Circuit Court, 410 U.S.

19  484 (1973), any and all witnesses and evidence necessary for the resolution of petitioner's

20  application are more readily available in Los Angeles County. Id. at 499 n.15; 28 U.S.C. §

21  2241(d).  Accordingly, this court will recommend the petition be transferred to the Central

22  District of California.

23      For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly

24  assign a district judge to this case.

25      Further, IT IS RECOMMENDED that:

26      1. Petitioner's challenge to the Board of Prison Terms' decision be dismissed;

27  ////

28  ////

3

1     2. Petitioner's motion for immediate release (ECF No. 7) be denied as moot; and

2     3. This action be transferred to the Central District of California.

3     These findings and recommendations will be submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5 after being served with these findings and recommendations, any party may file written

6 objections with the court and serve a copy on all parties. The document should be captioned

7 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8 objections shall be filed and served within seven days after service of the objections.  The parties

9 are advised that failure to file objections within the specified time may result in waiver of the

10 right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In the

11 objections, the party may address whether a certificate of appealability should issue in the event

12 an appeal of the judgment in this case is filed.  See Rule 11, Rules Governing § 2254 Cases (the

13 district court must issue or deny a certificate of appealability when it enters a final order adverse

14 to the applicant).

15 Dated:  March 22, 2022

16

17

18     DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27 DLB:9
DB Prisoner Inbox/Habeas/S/bodd2195.scrn fr

28

4